```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                           2:08-cr-144-FtM-99DNF

KEVIN L. CHATTERSON

_____


**OPINION AND ORDER**

This matter came before the Court on March 25, 2009 for a bench trial after defendant Kevin L. Chatterson (defendant or Chatterson) waived his right to a jury trial (Doc. #29). The parties proceeded by Stipulated Facts, Government's Exhibit 1, and the Court then heard oral argument on defendant's motions for judgment of acquittal.[1] Defendant had previously filed a Motion to Dismiss (Doc. #24), which the Court took under advisement. In a bench trial such as this, the Court may dismiss the indictment or enter judgment of acquittal if the evidence is found insufficient. United States v. Salman, 378 F.3d 1266, 1268 n.3 (11th Cir. 2004).

**I.**

The Indictment (Doc. #1) alleges that from on or about February 28, 2007 through on or about September 18, 2008, defendant

---

[1] In a bench trial, a motion for acquittal is not necessary to preserve a sufficiency of the evidence argument. United States v. Hurn, 368 F.3d 1359, 1368 n.5 (11th Cir. 2004)(citing Hall v. United States, 286 F.2d 676, 677 (5th Cir. 1960))("[T]here can be little or no need for a formal motion for a judgment of acquittal in a criminal case tried to a court without a jury upon the defendant's plea of not guilty. The plea of not guilty asks the court for a judgment of acquittal. . . .").

violated the Sex Offender Registration and Notification Act (SORNA) by knowingly failing to register or update a registration as required by SORNA, in violation of 18 U.S.C. § 2250(a). No material facts are disputed. Defendant argues, however, that SORNA does not (because of statutory construction) and/or cannot (because of constitutional *ex post facto* and commerce clause issues) apply to his conduct as established by the undisputed facts. Defendant asserts that because his only interstate travel occurred prior to the enactment of SORNA, his admitted failure to register as a sex offender in Florida was not a violation of SORNA.

**II.**

The Court finds the following facts were established beyond any reasonable doubt: Defendant Kevin L. Chatterson was convicted in 1999 of Sodomy in the Third Degree in violation of the New York Penal Law, and completed a New York State Sex Offender Registration Form. Defendant complied with registration requirements for a sex offender in New York through May 2004, but became delinquent in August 2004. By January 2005, defendant had traveled from New York to Florida, and began residing in North Fort Myers, Florida. From January 2005 through September 2008, defendant changed residences three times, residing in a total of four different residences in North Fort Myers, Florida. There is no evidence that defendant left the State of Florida at any time after his arrival in January

2005. The Court therefore finds that defendant did not travel in interstate or foreign commerce after January 2005.

The parties agree, and the Court so finds, that defendant is a "sex offender" under SORNA based upon his 1999 conviction in New York. As a sex offender, SORNA requires defendant to register and keep his registration current in each State where he resides, is employed, or is a student. Florida has a statutory sex offender registration requirement, but defendant never registered as a sexual offender/predator in the State of Florida. Defendant acknowledges that after February 28, 2007, he knowingly failed to register and update his registration as required by SORNA.

## III.

Some of the contours of SORNA have been discussed by the Eleventh Circuit in United States v. Ambert, ___ F.3d ___, 2009 WL 564677 (11th Cir. Mar. 6, 2009); United States v. Dumont, 555 F.3d 1288, 2009 WL 161864 (11th Cir. Jan. 26, 2009); and United States v. Madera, 528 F.3d 852 (11th Cir. 2008). Enacted on July 27, 2006, SORNA established a comprehensive national system for the registration of sex offenders in order to track the offenders and protect the public. See 42 U.S.C. § 16901. SORNA delineated when and how a sex offender must register, but provided that the Attorney General was to decide whether the registration requirements were to be applied to persons whose qualifying predicate offense occurred before July 27, 2006. On February 28, 2007, the Attorney General issued a regulation applying SORNA's

registration requirements to all sex offenders, including those where the qualifying conviction occurred prior to the enactment of SORNA. 28 C.F.R. § 72.3.

Defendant is charged with knowingly failing to register or update a registration as a sex offender as required by SORNA, in violation of 18 U.S.C. § 2250(a). The relevant provisions of § 2250(a) provide that:

> (a) Whoever-
>
> (1) is required to register under the Sex Offender Registration and Notification Act;
> (2) . . . (B) travels in interstate or foreign commerce ...; and
>
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a). The issue before the Court is whether the statute requires the interstate or foreign travel to have occurred after July 27, 2006, the date the statute was enacted, in order for the registration requirement to apply. The Eleventh Circuit has not addressed this precise issue, although it has held that the registration requirement applies where the travel occurred after the Attorney General's regulation (February 28, 2007), see Ambert, and where the travel occurred before the Attorney General's regulation but after the enactment of SORNA on July 27, 2006, see Dumont. In Madera, the Court found it unnecessary to reach the question now before the Court. Other Circuits have split on the

-4-

issue. The Seventh Circuit has found that travel after the predicate conviction but before the enactment of SORNA was sufficient. United States v. Dixon, 551 F.3d 578, 582-83 (7th Cir. 2008). The Eighth and Tenth Circuits have found that the interstate travel must have occurred after SORNA's effective date. United States v. May, 535 F.3d 912 (8th Cir. 2008); United States v. Hulen, No. 08-2265, 2009 WL 174951 (8th Cir. Jan. 27, 2009); United States v. Husted, 545 F.3d 1240 (10th Cir. 2008).

The Court finds that the plain language of Section 2250(a) requires a defendant's travel to have occurred on or after the date SORNA was enacted, i.e., July 27, 2006. All three elements of the criminal offense suggest such an interpretation of the statute. First, a violation of the criminal statute does not occur unless the person "is required to register under the Sex Offender Registration and Notification Act." 18 U.S.C. § 2250(a)(1). No one was required to register under SORNA until July 27, 2006, because the statute did not exist until that date. Therefore, the first element could not be satisfied until at least July 27, 2006.[2] Second, a violation requires that the defendant "travels in interstate or foreign commerce, . . ." 18 U.S.C. § 2250(a)(2)(B). "Travels" certainly suggests on its face that the activity occur in conjunction with the other elements of the offense. While Congress

---

[2]Actually, the Eleventh Circuit has held that a defendant was not required to register until February 27, 2007, when the Attorney General promulgated the retroactivity regulation. Dumont, 555 F.3d at 1291.

could have used other verbiage if its intent had been to encompass all prior travel, or prior travel after conviction of a qualifying predicate offense, it did not do so. Finally, a violation requires that the defendant "knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act." 18 U.S.C. § 2250(a)(3). Both the choice of the word "fails" and the duty to register "as required by" SORNA clearly suggest that only conduct occurring after the enactment of SORNA is criminalized by the statute.

Here, both defendant's predicate conviction and his interstate travel occurred before the enactment of SORNA. Therefore, the registration requirements of SORNA did not apply to defendant's conduct, the evidence is insufficient to support a finding of guilt, and the motion for judgment of acquittal will be granted.

Having concluded that the plain language of the statute does not reach the undisputed conduct in this case, the Court need not address the constitutional issues raised by defendant in his Motion to Dismiss. That motion will be denied as moot.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. #24) is **DENIED** as moot.

2. Defendant's oral motion for judgment of acquittal is **GRANTED** for the reasons set forth above. The Clerk of the Court

shall enter a judgment of acquittal as to defendant Kevin L. Chatterson.

3. The Order of Detention (Doc. #9) is **VACATED**, and the U.S. Marshal shall return defendant to the Warden, Lee County Jail pursuant to the Writ of Habeas Corpus Ad Prosequendum (Doc. #4).

**DONE AND ORDERED** at Fort Myers, Florida, this   26th   day of March, 2009.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge


Copies:
Counsel of Record
U.S. Marshal